UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PORFIRIO SANCHEZ,<br><br>        Plaintiff,<br><br>  v.<br><br>AETNA LIFE INSURANCE COMPANY, et al.,<br><br>        Defendant. | No. 2:20-cv-00038-JAM-CKD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO CHANGE VENUE** |

This matter is before the Court on Nationwide Mutual Insurance Company and Aetna Life Insurance Company's ("Defendants") Motion to Change Venue. Mot., ECF No. 5. Porfirio Sanchez ("Plaintiff") filed an opposition, ECF No. 11, to which Defendants replied, ECF No. 13. After consideration of the parties' briefing on the motion and relevant legal authority, the Court GRANTS Defendants' Motion to Change Venue.[1]

I. BACKGROUND

Plaintiff was a commercial underwriter for Nationwide Mutual Insurance Company ("Nationwide"). Compl. ¶ 3, ECF No. 1. During

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 19, 2020.

1

Plaintiff's employment, he participated in a Nationwide-sponsored employee welfare benefits plan.  Compl. ¶¶ 9, 10, 13.  Under the plan, Plaintiff received short-term and long-term disability benefits.  Compl. ¶¶ 10, 14.  On July 6, 2017, Plaintiff fell in the shower, hitting his head and tail bone, and sustaining several injuries.  Compl. ¶ 17.  As a result, Plaintiff alleges he was no longer able "to attend to any normal activities[,] including work."  Id.

Plaintiff subsequently applied for short-term disability benefits.  Compl. ¶ 18.  Defendants paid Plaintiff's initial claim.  Compl. ¶ 19.  However, when Plaintiff's doctor failed to send updated medical records, Defendants terminated his short-term benefits on October 31, 2017.  Id.  Defendants reaffirmed the termination of Plaintiff's short-term benefits on February 7, 2019.  Compl. ¶ 33.  On June 25, 2019, Plaintiff applied for long-term disability benefits.  Compl. ¶ 45.  On August 1, 2019, Defendants denied Plaintiff's application, informing him that he was no longer eligible for long-term benefits because his short-term benefits had been denied.  Compl. ¶ 46.  Defendants upheld the denial on September 13, 2019, and then again on November 18, 2019.  Compl. ¶¶ 49, 52.

On January 1, 2020, Plaintiff filed suit against Defendants for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), §§ 502(a)(1)(B) and 502(a)(3).  Compl. ¶¶ 61-65.  Plaintiff seeks to recover disability benefits allegedly due to him under the benefits plan.  Compl. ¶ 1.  Defendants now move for the Court to change the venue of this case from the Eastern District of California to the Southern District of Ohio based on

a forum-selection clause in the benefits plan.  Mot. at 3-4.
Plaintiff opposes, arguing the applicable benefits plan failed to
specify venue.  Opp'n at 3-5.

## II.   OPINION

### A.   Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  Section 1404(a) seeks to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]"  Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).

In considering a motion to change venue, "[t]he presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus."  Stewart Org. v. Ricoh Corp., 487 U.S. 22, 20 (1988) (quoting Van Dusen, 376 U.S. at 622).  A valid forum-selection clause constitutes the parties' agreement as to the most appropriate forum.  Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 63 (2013).  Thus, the "court should ordinarily transfer the case to the forum specified in that clause.  Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied."  Id.

The party seeking to defeat the forum-selection clause bears the burden of demonstrating "that the transfer to the

forum for which the parties bargained is unwarranted." Id. To defeat the clause, the party must "clearly show that enforcement would be unreasonable and unjust." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). A forum selection clause may be deemed unreasonable if: (1) the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) enforcement would contravene a strong public policy of the forum in which suit is brought. Holland Am. Line, Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 458 (9th Cir. 2007).

Accordingly, when presented with such an agreement, the court must disregard plaintiff's choice of forum and the parties' private interests. Atl. Marine, 571 U.S. at 64. Instead, it can only "consider arguments about public-interest factors" and "those factors will rarely defeat a transfer motion." Id. The party acting in violation of the forum-selection clause bears the burden of showing that public-interest factors "overwhelmingly disfavor a transfer." Id. at 67.

B. The Forum-Selection Clause

The forum-selection clause at issue is included in the benefits plan, as amended and restated on July 1, 2018 ("2018 benefits plan"). Mot. at 2. The clause specifies that "[a]ny legal action brought against the Plan must be filed in the United States District Court, Southern District of Ohio, Eastern Division." Benefits Plan, Legal Actions § 10.10(b), Ex. A to Mot., ECF No. 5-1. This language indicates that any litigation

over the benefits plan must be initiated in the Southern District of Ohio.  Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir. 1987) ("[I]n cases in which forum selection clauses have been held to require litigation in a particular court, the language of the clauses clearly required exclusive jurisdiction.") (emphasis in original).  The mandatory nature of the forum-selection clause is not in dispute.  See Opp'n at 3.

Plaintiff contends the case should not be transferred for two reasons.  First, Plaintiff argues the forum-selection clause does not apply to this action because the benefits plan in existence at the time Plaintiff filed his short-term disability claim did not include a forum-selection clause ("2017 benefits plan").  Opp'n at 3-5.  Second, Plaintiff contends enforcement of the clause would be unfair largely due to: (1) his financial inability to bear the cost of the venue change; and (2) the standard of review courts must apply in Ohio.  Opp'n at 5-9.  As explained below, neither argument is sufficient to defeat Defendants' motion.

        1.    Applicability

Plaintiff argues the forum-selection clause in the 2018 benefits plan is inapplicable because the 2017 benefits plan governed at the time Plaintiff brought his disability claim.  Opp'n at 3.  Plaintiff was injured on July 6, 2017, and subsequently applied for short-term disability benefits.  Compl. ¶¶ 17-18.  The 2018 benefits plan came into effect on July 1, 2018.  Mot. at 2.  Plaintiff claims he is subject to the 2017 benefits plan, which did not contain a forum-selection clause,

5

rather than the 2018 benefits plan. Opp'n at 3. (It is undisputed that the 2017 benefits plan does not include a mandatory forum provision.) Plaintiff is incorrect.

The controlling document is the version of the welfare plan in effect when a participant's cause of action accrues. Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1160 (9th Cir. 2001) ("That she became permanently disabled and filed her disability claim while the first policy was in effect is irrelevant; it does not entitle her to invoke that plan's provisions in perpetuity."). A participant's cause of action accrues on the date the claim is finally denied. See id. at 1159; see also Wise v. Verizon Communications, Inc., 600 F.3d 1180, 1188 (9th Cir. 2010) (Plaintiff's ERISA claim accrued upon final denial notification: when she was informed that no further internal appeals were possible and that her opportunity to submit more medical documentation had ceased).

The final administrative denial of Plaintiff's short-term benefits occurred on February 7, 2019. See Compl. ¶ 33. And the final administrative denial of Plaintiff's long-term benefits occurred on November 18, 2019. See Compl. ¶ 52. Thus, the 2018 benefits plan, which came into effect prior to both final administrative denials, is the controlling document here. See Marin v. Xerox Corp., 935 F.Supp.2d 943, 945 (N.D. Cal. 2013) (holding the benefits plan with a mandatory forum provision that was in effect when plaintiff's claim was denied, not the plan when her benefits were first granted, was the controlling document). Accordingly, its forum-selection clause applies.

The validity of the forum-selection clause in the 2018 benefits plan is not in dispute.  Thus, the Court finds the clause to be valid.  See Doe I v. AOL LLC, 552 F.3d 1077, 1083 (9th Cir. 2009) ("[A] forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon with [the court] will conclude the clause is unenforceable.").  Moreover, courts have held that forum-selection clauses are not inconsistent with the terms or policy rationales of ERISA.  See e.g., Rodriguez v. PepsiCo Long Term Disability Plan, 716 F.Supp.2d 855, 860 (N.D. Cal. 2010) ("Nothing in the statutory language bars those negotiating ERISA plans from narrowing that menu of options to one venue in particular.  As many other district courts have already observed, Congress could have—but has not—expressly barred parties from agreeing to restrict ERISA's venue provisions.").

The Court therefore finds that the forum-selection clause contained in the 2018 benefits plan is applicable and valid.

### 2. Fairness

When a forum-selection clause is scrutinized over its "fundamental fairness," it may be deemed unfair if inclusion of the clause was motivated by bad faith, if "accession to the forum clause" was obtained "by fraud or overreaching," or if the party had no notice of the forum provision.  Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991).  The party challenging the clause bears a "heavy burden of proof."  M/S Bremen, 407 U.S. at 17.  Plaintiff does not argue that the forum-selection clause is unfair for any of those reasons.

7

1  Instead, Plaintiff argues enforcement of the forum-selection
2  clause would be unfair because he would be burdened by
3  additional legal costs.  Opp'n at 6–7.  Plaintiff further argues
4  enforcement would be unfair because Ohio allows courts to review
5  the plan administrator's decision for abuse of discretion
6  whereas California requires *de novo* review.  Opp'n at 8–9.
7      With regard to additional legal costs, Plaintiff does not
8  contend that they would effectively "deprive[] [him] of his day
9  in court."  Rodriguez v. PepsiCo Long Term Disability Plan, 716
10 F.Supp.2d 855, 861 (N.D. Cal. 2010) (citing Murphy v. Schneider
11 Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004)).  Nor could he
12 so contend. In Rodriguez, the court enforced a forum-selection
13 clause, even though it was physically and financially impossible
14 for the California plaintiff to attend a trial in New York,
15 because the nature of an ERISA action is such that "the prospect
16 of a trial is highly improbable; rather, [the] action is likely
17 to be decided by the court on motions for summary judgment."
18 Id. at 862.  The court reasoned that, if trial were to occur,
19 the plaintiff could move to transfer venue back to the original
20 forum.  Id.  Absent the contention that a change in venue would
21 wholly deprive Plaintiff of his day in court, the Court cannot
22 take this argument into consideration as it must disregard the
23 parties' private interests and only consider arguments about
24 public-interest factors.  Atl. Marine, 571 U.S. at 64.
25     As for Plaintiff's argument about the standard of review,
26 it is without merit.  A denial of benefits claim in an ERISA
27 case "is to be reviewed under a *de novo* standard unless the
28 benefit plan gives the administrator or fiduciary discretionary

8

authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). If the benefit plan confers such discretionary authority, then the decision to deny benefits is reviewed for abuse of discretion. Id. Here, the 2018 benefits plan grants discretion to the administrator. See Benefits Plan, Legal Actions § 10.10(a), Ex. A to Mot., ECF No. 5-1. As a result, the denial will be reviewed for abuse of discretion regardless of whether the action progresses in California or Ohio. See Valdez v. AT&T Umbrella Benefit Plan No. 1, 371 F.Supp.3d 754, 766 (S.D. Cal. 2019) (applying the abuse of discretion standard to a denial of benefits claim brought in California where the benefits plan conferred discretionary authority).

In sum, Plaintiff has not borne the "heavy burden" of showing the applicable forum-selection clause to be unenforceable. AOL LLC, 552 F.3d at 1083. The Court finds that enforcing this clause would not violate fundamental fairness. Accordingly, the forum-selection clause applies in full force and the matter must be transferred to the Southern District of Ohio.

### III.  ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motion to Change Venue.

IT IS SO ORDERED.

Dated: June 23, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE